UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GLENN LONG,** | Case No. 24–cv–10364–ESK |
| Petitioner, | |
| v. | OPINION |
| **THE UNITED STATES OF AMERICA,** | |
| Respondent. | |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on petitioner Glenn Long's motion to correct, vacate, or set aside his federal conviction pursuant to 28 U.S.C. § 2255 (2255 Motion). (ECF No. 1.) For the following reasons, I will dismiss the 2255 Motion without prejudice. No certificate of appealability shall issue.

I. FACTS AND PROCEDURAL HISTORY

On April 17, 2023, petitioner pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine, 500 grams or more of a substance containing methamphetamine, and 400 grams or more of a substance containing fentanyl, contrary to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. *United States v. Long*, No. 22–cr–00078 (D.N.J. Apr. 17, 2023) (Criminal Case) (ECF No. 149.)[1] On January 3, 2024, District Judge Noel L. Hillman sentenced petitioner to a term of 216-months' imprisonment. (Criminal Case ECF No. 180 p. 2.) Petitioner filed an appeal in the Third Circuit on January 12, 2024. *United States v. Long*, Appeal No. 24–0186 (3d Cir. Jan. 12, 2024).

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

On November 7, 2024, petitioner filed his 2255 Motion. (ECF No. 1).

## II. DISCUSSION

Petitioner's direct appeal is still pending in the Third Circuit. *See generally* Appeal No. 24–0186 (3d Cir.). "[A] collateral attack is generally inappropriate if the possibility of further direct review remains open: 'A district court should not entertain a habeas corpus petition while there is an appeal pending in the court of appeals … .'" *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999) (internal alterations omitted) (quoting *Feldman v. Henman*, 815 F.2d 1318, 1320–21 (9th Cir. 19870)); *see also Outterbridge v. Motley*, No. 04–cv–06058, 2005 WL 1541057, at *2 (D.N.J. June 30, 2005) ("It is clear that a § 2255 motion should not be heard while a direct appeal is pending regarding the same conviction.") Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion while the movant's direct appeal is pending, … such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the district court's efforts a nullity." *United States v. Banks*, 269 F. App'x 152, 153 (3d Cir. 2008) (emphasis omitted). "While a direct appeal is pending, a District Court may consider a § 2255 motion only in 'extraordinary circumstances.'" *United States v. Ford*, 215 F. App'x 167, 168 (3d Cir. 2007) (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)).

I conclude that there are no extraordinary circumstances warranting simultaneous review in this case. Petitioner received a 216-month custodial sentence with an anticipated release date of November 14, 2036. *See* Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Nov. 12, 2024). This is not a situation in which there is a reasonable possibility petitioner may complete his sentence before his appeal concludes. *See United States v. Hadima*, No. 1:CR–04–178–01, 2005 WL 2314161, at *1 (M.D. Pa. Sept. 22, 2005) ("[S]ince the short length of Hadima's

2

sentence might render any § 2255 motion moot after his appeal is decided (assuming that the Third Circuit denies the appeal), we will consider his current motion.") Petitioner's ineffective assistance of counsel claims are based in part on petitioner's sentence. ECF No. 1 p. 4. He has raised several sentencing issues in the Third Circuit, so it would not be an efficient use of judicial resources to consider claims that may be rendered moot by the Third Circuit. In the absence of extraordinary circumstances, I will not consider the 2255 Motion while petitioner's appeal is pending.

"When a defendant files a § 2255 motion during the pendency of his direct appeal, we normally dismiss the motion without prejudice as premature." *Hadima*, 2005 WL 2314161, at *1; *see also Banks*, 269 F. App'x at 153; *McLaughlin v. United States*, No. 14–cv–04450, 2015 WL 4647903, at *3 (D.N.J. Aug. 4, 2015) ("A district court's decision to dismiss without prejudice a § 2255 motion while the petitioner's direct appeal is pending is therefore proper.") I could stay the motion for the duration of direct review; however, I conclude that dismissal without prejudice is prudent under the circumstances of this case.

Petitioner has just begun the process of appealing his conviction and sentence, and it may continue for some time. "[A] judgment of conviction does not become 'final' within the meaning of § 2255 until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). Accordingly, petitioner's one-year statute of limitations for filing a § 2255 motion has not begun and is not in danger of expiring soon. Dismissal will also permit petitioner to file a new § 2255 motion after his appeal, if necessary, "with the benefit of hindsight and the benefit of whatever the Circuit does." *McLaughlin*, 2015 WL 4647903, at *3. It will also give him an opportunity to make sure his § 2255 motion includes all potential claims for which he desires

to seek review and relief. *See United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999).

To the extent a certificate of appealability is required, I decline to issue one. Jurists of reason would not find it debatable that dismissal of the 2255 Motion as premature is correct. 28 U.S.C. § 2253(c)(2).

### III.     CONCLUSION

For the reasons stated above, I will dismiss the 2255 Motion as premature. No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

    */s/ Edward S. Kiel*
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: November 12, 2024